## RANKIN *against* WOODWORTH.

The statute of limitation begins to run, so as to bar an action on a contract to com-
plete a certain work, from the time when the work was to have been completed,
and not from the time when the plaintiff had received actual damage from the
imperfect execution of the work.
A contract to complete work *by* a certain time, means that it shall be done before
that time.

ERROR to *Venango* county.

This suit, in which *Jared Woodworth* was plaintiff, and *David
Rankin* was defendant, originated on the 29th November, 1821.
It was brought upon a contract dated the 9th of February, 1815,
by which *Rankin* and *Cochran* agreed to build a saw mill for the
plaintiff, and "to have it completed by November next." The
defendant plead *non assumpsit infra sex annos.* The plaintiff
requested the court to charge the jury, "that the statute of limita-
tion did not begin to run till *Woodworth* sustained damage; and
that he can recover at any time within six years after the defect in
the work was discovered. The court instructed the jury that the
statute of limitation was not a bar in this case. This opinion was
the only error assigned.

*Galbreath* for plaintiff in error. Stopped by the court.

*Pearson, contra.,* cited *Salomon* v. *Salomon,* 2 *Bin.* 436.

PER CURIAM.—Viewing this case in the aspect most favorable
to the plaintiff below, by taking the date of the precipe to be satis-
factory evidence of the commencement of the action, and it cer-
tainly is not conclusive,—the point is still against him. By the
contract, the work was to be finished BY the ensuing month of No-
vember, which, in the popular acceptation of the word, excludes the
month. When a thing is ordered by a particular day, it is with
a view of having the use of it on the day. Thus, a coat is ordered

(Rankin *v.* Woodworth.)

by Sunday, with a view of wearing it to church.   And the popular agrees with the philological import of the word which is explained by our great lexicographer, by the words, "near, beside, passing, in presence;" all of which denote exclusion.   The action was, therefore, not brought within six years from the period limited for the execution of the work.   As to the point made, that the statute did not begin to run before the plaintiff had received actual damage from the imperfect execution of the contract, it is sufficient to say, it ran from the instant when first he had a right of action, which, from the form of the suit here, was the period limited for the completion of the work.   If, as is alleged, the defect was in the manner of the performance, the plaintiff was bound to judge of that before he took the work off their hands; and if there were a fraudulent concealment of its quality, a special action on the case, perhaps, would be the remedy for that; but it is not a matter to suspend the operation of the statute, in this action.

Judgment reversed, and a *venire facias de novo* awarded.