## MERRITT v. ONA et al.[1]

### (District Court, E. D. Pennsylvania. November 14, 1890.)

SHIPPING—CHARTER-PARTY—LAY DAYS.

A contract provided that merchants should have, to load a vessel, 20 days, "counting from the day of readiness until the day of dispatch." *Held* that, as the contract was not one by which a present interest was vested, the "day of dispatch" and "day of readiness" were to be excluded.

In Admiralty.

Libel by John Merritt, master of the bark John R. Pearson, against Nora Ona & Co., respondents, and S. & J. Welsh, garnishees. The case turned on the construction of the following clause in the charter-party:

"Twenty running lay days, Sundays excepted, are to be allowed the said merchants for loading the vessel, counting from the day the vessel shall have been in readiness for cargo, the captain having given timely notice to that effect, until her day of dispatch."

*Curtis Tilton* and *John F. Lewis*, for libelant.

"From a day" does not necessarily exclude the day. *Lysle* v. *Williams*, 15 Serg. & R. 137. The day a vessel is in readiness is always counted. *Gronstadt* v. *Witthoff*, 15 Fed. Rep. 271. "Lay days begin to run when the vessel has arrived." *Aylward* v. *Smith*, 2 Low. 192; *Hodgdon* v. *Railroad Co.*, 46 Conn. 277; *The Grafton*, Olcott, 49; *Irzo* v. *Perkins*, 10 Fed. Rep. 779. Technical rules of construction are not to be applied to a charter-party. *Lowber* v. *Bangs*, 2 Wall. 738.

[1] Reported by Mark Wilkes Collett, Esq., of the Philadelphia bar.

*James F. Bullitt* and *R. C. Dale*, for defendant.

Where the computation is from the day of the date, or from the day an act is to be done, such day is to be excluded. *Sheets* v. *Selden's Lessee*, 2 Wall. 178; *Best* v. *Polk*, 18 Wall. 112; *Cromelien* v. *Brink*, 29 Pa. St. 532; *Mark's Ex'rs* v. *Russell*, 40 Pa. St. 372; *Menges* v. *Frick*, 73 Pa. St. 137; *Weeks* v. *Hull*, 19 Conn. 376; *Page* v. *Weymouth*, 47 Me. 239; *Bemis* v. *Leonard*, 118 Mass. 508; *Cornell* v. *Moulton*, 3 Denio, 12; *People* v. *Railroad Co.*, 28 Barb. 284; *Judd* v. *Fulton*, 10 Barb. 117; *Lang* v. *Phillips*, 27 Ala. 311; *Insurance Co.* v. *Palmer*, 81 Ill. 88; *Chiles* v. *Smith's Heirs*, 13 B. Mon. 461. The word "until" ordinarily excludes the day to which it applies. *People* v. *Walker*, 17 N. Y. 502; *Webster* v. *French*, 12 Ill. 302; *Clerk* v. *Ewing*, 87 Ill. 344.

BUTLER, J., (*after stating the facts as above.*) The libelant contends that the enumeration should include the day of "readiness" and also that of "dispatch." The respondents deny that either should be included. The natural reading of the language sustains the denial. The weight of legal authority also sustains it,—unless the contract falls within an exception stated, where a "present interest is vested." As is said by the supreme court of this state, (*Cromelien* v. *Brink*, 29 Pa. St. 522,) "the man who undertakes to reconcile the English decisions on the legal computation of time will find himself usually engaged in a hopeless task." The remark may be applied with equal truth to the American decisions. In Pennsylvania, *Goswiler's Appeal*, 3 Pen. & W. 200, was overthrown by *Thomas* v. *Afflick*, 16 Pa. St. 14, which after being followed in *Barber* v. *Chandler*, 17 Pa. St. 48, was itself overthrown by *Cromelien* v. *Brink*, and *Goswiler's Appeal* again set on its feet. This case (*Cromelien* v. *Brink*) presents a full review of the question and the authorities and settles the rule in conformity with the weight of authority elsewhere. Nothing need be added to what there is said. It exhausts the subject.

The contract before us does not fall within the exception stated, and the departure should not be extended; it may be well questioned whether it would be made to-day in the absence of the precedent. It is safer to enforce contracts as written than to vary them upon supposed evidence of intention found outside of their terms. The respondents are given 20 days for loading, "counting from the day of readiness  *  *  *  until the day of dispatch." This he would not have if either the day of "readiness" or the day of "dispatch" was included in the enumeration. The argument that this view imposes two days of idleness on the vessel does not seem entitled to weight. If the argument is sound, the idleness is self imposed, as it results from the contract. But such idleness is not a necessary result of our view of the contract. Her "readiness" need not cover the entire day; it may be confined to the evening; nothing more is required, and she may sail on the day of "dispatch." The respondent is required to dispatch her promptly on the morning following the twentieth day. *Gronstadt* v. *Witthoff*, 15 Fed. Rep. 271, and other admiralty cases cited by the libelant, are not applicable to the facts involved here.

The libel must be dismissed, with costs.