HARVEY v. PROVIDENT INV. CO.

(Court of Civil Appeals of Texas.    Oct. 16, 1912.)

1. APPEAL AND ERROR (§ 564*)—STATEMENT OF FACTS—TIME FOR FILING.

Under the trial court's order giving the appellant "until" a certain day to file a statement of facts, a statement filed on the day mentioned was in "time.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2501–2506, 2555, 2559; Dec. Dig. § 564.*]

2. WORDS AND PHRASES—"UNTIL"—DEFINITION.

While the word "until" is perhaps most frequently used in a restrictive sense, and excludes the day mentioned, it depends on the intent to which it is used which is to be inferred from the nature and circumstances of the case (citing 8 Words & Phrases, p. 7218).

Appeal from District Court, McLennan County; Marshall Surratt, Judge.

Action between J. H. Harvey and the Provident Investment Company. From the judgment, Harvey appeals. Motion to strike out statement of facts overruled.

Cross, Cross & Street and O. L. Stribling, all of Waco, for appellant. H. N. Atkinson, of Houston, and W. L. Eason and W. B. Carrington, both of Waco, for appellee.

JENKINS, J. In this case an order was made by the trial court giving the appellant until the 1st day of August, 1912, in which to file a statement of facts. The statement of facts herein was filed on the 1st day of August, 1912. Appellee moves this court to strike out said statement of facts, because not filed in time.

While the word "until" is perhaps most frequently used in a restrictive sense, and excludes the day mentioned, such is not its necessary or only meaning. Whether it includes or excludes the day mentioned depends upon the intention with which it was used, which is to be inferred from the nature and circumstances of the case. In this case we think this word should be given a liberal construction, rather than a restricted one which would defeat appellant's appeal without reference to its merits. See authorities cited in 8 Words & Phrases, p. 7218.

Motion overruled.