### J. C. ENGELMAN LAND CO. v. LA BLANCO AGR. CO.   (No. 510.)

(Court of Civil Appeals of Texas. Beaumont. Jan. 6, 1920. Rehearing Denied Jan. 21, 1920.)

1. Time ⊜⇒9(10)—Where so used the word "by" will be construed as "on or before."

Where contracts which provided that plaintiff's right should not come into being unless another failed to procure an irrigation contract by November 1st, and other portions of the contracts used the words "on or before" November 1st, the word "by" must be so construed.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, By.]

2. Time ⊜⇒9(10)—Where act was required to be done by given day the word "by" includes that day.

Where a contract required an act to be done by November 1st, the word "by" must be construed as on or before or not later than, the two contracts which were involved showing that the word was not used as equivalent to "before."

3. Pleading ⊜⇒8(11)—Averments as to passage of title are conclusions.

Averments in the petition that, on failure of a third person to obtain a contract, title to the property involved became and was vested in defendant, which held deeds thereto, are mere conclusions of the pleader.

4. Escrows ⊜⇒9 — Title did not pass under deeds held in escrow upon grantor's default.

Where purchaser of land who was in default executed deeds which were held in escrow, and were not delivered unless he failed to obtain an irrigation contract, in which case the vendor was given an option to declare deeds to be absolute conveyances, or sell the land under judicial sale, title did not pass by virtue of the deeds, which were unrecorded, on the purchaser's failure to perform.

5. Contracts ⊜⇒186(1)—Third person held to have no rights under contract between others in absence of privity.

In an action for breach of contract entered into by plaintiff with the vendor, whose purchaser had defaulted, but whose default was to be excused if he procured irrigation contract, *held* that, under the contracts as a whole, plaintiff had no rights under his contract entered into at the same time the agreement was made with the purchaser, unless there was privity of contract between plaintiff and purchaser.

Appeal from District Court, Jefferson County; E. A. McDowell, Judge.

Action by the J. C. Engelman Land Company against La Blanco Agricultural Company. From a judgment for defendant after the sustaining of a demurrer to the petition, plaintiff appeals. Affirmed.

Andrews, Streetman, Logue & Mobley, of Houston, and O. J. Todd, of Beaumont, for appellant.

Smith & Crawford and Smith & King, all of Beaumont, for appellee.

WALKER, J. On February 6, 1919, the appellant filed its second amended original petition in this cause, wherein it sought recovery against appellee, La Blanco Agricultural Company, on account of the breach of contracts set out in the petition. Appellee's answer contained a general demurrer. On February 13, 1919, the trial court sustained the general demurrer to appellant's petition, and judgment was entered thereon dismissing the suit. To this action of the court appellant properly excepted, and now prosecutes its appeal upon the following assignment of error, to wit:

"The honorable district court erred in sustaining and in not overruling the general demurrer of defendant to the plaintiff's petition in said cause."

Appellant advances four propositions under this assignment, making proper statements from the record in support thereof. His first proposition is as follows:

"The contract between appellee and J. T. Beamer, properly construed, required said Beamer to have his contract with the irrigation district completed before November 1, 1917; otherwise appellee became entitled on said date to go forward with the execution of its judg-

ment, and simultaneously the rights of appellant attached, the other conditions having been complied with."

The disposition we are making of this proposition disposes of this case. Hence we will not discuss the other propositions, nor give the statement from the pleadings and exhibits on which they are based. The substance of appellant's petition, omitting formal parts, is as follows:

(2) That on or about the 1st day of July, 1915, the appellee conveyed to John T. Beamer certain lands in Hidalgo county, Tex., in payment for which Beamer executed and delivered to appellee certain promissory vendor's lien notes.

(3) That Beamer made default in payment of these notes, and that appellee instituted suit in cause No. 1497 in the district court of Hidalgo county against said Beamer to recover judgment on said notes and to foreclose the vendor's lien, and judgment was entered in said cause on the 27th day of September, 1917, for the amount of the notes and foreclosing the lien.

(4) That appellee, then being the owner and holder of the judgment, entered into a certain contract with Beamer, and on the same day entered into another contract with appellant, these contracts being Exhibits A and B, respectively, to this petition; that by the terms of the contract between appellee and Beamer, in order to secure a postponement of the sale of the lands under said judgment, Beamer obligated himself to execute, and cause to be executed, certain deeds to the lands covered by the foreclosure, and to place these deeds in the hands of Stuart R. Smith, attorney for appellee, all this to be done "on or before October 15, 1917."

(5) That the said Beamer further agreed as follows (here we copy from Exhibit A):

"If, however, said instruments are placed, as above required, in the hands of said Stuart R. Smith, then the first party agrees to stay and postpone any attempt to execute said judgments until the first day of November, 1917, on which date said La Blanco Agricultural Company and B. H. Hooks shall be free to go forward with the execution of their judgments, the same as if this instrument had never been executed, unless by said date, to wit, November 1, 1917, the said Beamer himself has entered into, made a bond for, and secured a contract in every way ready to go to work under it with the Donna irrigation district, Hidalgo county, No. 1."

(6) That the said contract further stipulated as follows (here we copy from the contract):

"It is agreed that in case of failure of second party to comply with this contract at any time so as to give the first parties freedom to proceed with the execution of said judgments, then the instruments hereinbefore provided to be placed in the hands of Stuart R. Smith shall take full effect and force, according to their face, effect, and tenor, and shall obviate and render unnecessary, if so deemed by the parties, the sale under foreclosure of said lands, such instruments being intended, should they take effect under this agreement, to take the place of any judicial sale of said land, and when accepted, which acceptance shall be evidenced by the recording thereof, by the first party as reconveyances and acquittances of said land, the same shall constitute a discharge of parties grantors in said instrument of any personal liabilities whatever existing by reason of said judgments, it being understood that such instruments are not to, be placed of public record until, by the terms of this instrument, they may become effective."

(7) That the contract between appellant and appellee provided as follows (here we copy from Exhibit 13):

"Now, it is agreed by and between the parties hereto that if said John T. Beamer shall fail to perform the conditions named in said contract, copy of which is attached as aforesaid, to be by the said Beamer performed on or before October 15, 1917, by which failure the first party shall become entitled to proceed with the execution of its said judgment under the terms of said contract, and if, within thirty days after such default by said Beamer, a contract shall have been let by the Donna irrigation district, Hidalgo county, No. 1, under which work may be begun, for the extension of the irrigation system of said district over the hereinafter described land, and if within said thirty days second party shall have paid the first party, which it agrees to pay if said contract has been so let, the sum of twenty thousand ($20,000) dollars, then the obligations of the parties hereto relative to the sale and conveyance of said lands as hereinafter stipulated shall be and become operative and binding upon the parties; or if the said Beamer shall not default as to the conditions to be performed by the said Beamer on or before October 15, 1917, as provided in said contract, the copy whereof is hereto attached as aforesaid, but the said Beamer shall become in default as to the conditions provided to be performed by him by November 1, 1917, by which default the first party would become entitled, under the terms of said contract, to proceed with the execution of said judgment, and if a contract shall have been on or prior to said first day of November, 1917, let by the said Donna irrigation district, Hidalgo county, No. 1, for the extension of its system as aforesaid, and the second party shall pay to the first party the sum of twenty thousand ($20,000) dollars on or before November 10, 1917, which second party so agrees to so pay if said contract has then been so let, then the provisions hereof relative to the conveyance of said land shall become operative and binding between the parties; or if the said John T. Beamer shall not so default as to the conditions provided in said contract, copy of which is attached hereto, to be performed by him on or before November 1, 1917, but said Beamer shall fail to perform any conditions provided in the said contract to be performed by him on or before December 15, 1917, by which failure first party would become entitled to proceed with the execution of the said judgment or to put into effect the instruments provided in said attach-

ed contract to be placed in the hands of Stuart R. Smith, and if by the said December 15, 1917, said irrigation district shall have let said contract for the extension of its irrigation system onto the said land as aforesaid, and if, within five days after the said 15th day of December, 1917, the said second party shall have paid the first party the sum of twenty thousand dollars ($20,000), which second party agrees to so pay if said contract has been so let, then the provisions hereof hereinafter set forth, relative to the conveyance of said lands, shall be and become operative and binding upon the parties hereto."

This quotation from the contract is followed by a statement of the consideration to be paid by appellant for the lands described in the judgment obtained by appellee against Beamer, and of the terms and conditions upon which said lands were to be conveyed by appellee to appellant.

(8) That the plain, clear, and unequivocal meaning of said agreement by and between defendant and said Beamer, and the only proper legal construction thereof, required the said Beamer to have entered into, made bond for, and secured, or to have owned and controlled, a contract of the kind therein described, with said Donna irrigation district, Hidalgo county, No. 1, before November 1, 1917, and in case of the failure of said Beamer to enter into, make bond for, and secure such contract, or to own or control the same before November 1, 1917, defendant was entitled under the terms of said contract on the 1st day of November, or at any time thereafter, to proceed with the execution of said judgment, either by judicial foreclosure or without judicial foreclosure, in the manner prescribed by said agreement between defendant and said John T. Beamer.

(9) That Beamer, in accordance with the contract, executed and delivered to Stuart R. Smith the deeds and conveyances on or before the 15th day of October, 1917.

(10) That Beamer did not enter into the contract with the Donna Irrigation Company, as required by the contract, nor did he own such a contract by November 1, 1917, and by reason of such failure the said La Blanco Agricultural Company was not obligated on the 1st day of November, 1917, to further stay or postpone any attempt to execute said judgments, but was free to go forward with the execution of their said judgments the same as if said contract with the said John T. Beamer had never been executed; and thereupon, by reason of the further agreements on the part of the said John T. Beamer hereinbefore set out, the said instruments theretofore placed in the hands of said Stuart R. Smith did, in accordance with said contract, take full effect and force according to their face, tenor, and effect, and did then and there obviate and render unnecessary any sale in foreclosure of said lands, and the title to said property thereupon became and was, by rea-

son of the execution of said conveyances and the provisions of said contract, fully and completely vested in said La Blanco Agricultural Company.

(11) That the said Beamer, having become in default as to the conditions provided to be performed by him before November 1, 1917, and the said La Blanco Agricultural Company having thereby become entitled under the terms of said contract to proceed with the execution of said judgment, and having by reason of the terms of said contract become invested with the title to said property, that on November 1, 1917, a contract was entered into by the Donna Irrigation Company by the extension of its system of irrigation, and that Beamer controlled such contract; that on the 10th day of November, 1917, appellant tendered to appellee the $20,000 as provided in the contract, whereby all the conditions of the contract between appellant and appellee became binding and in full force and effect; that it has demanded of appellee a performance of the terms of the contract, and appellee has repudiated the same, and has entered into other contracts with other parties in relation to the said lands, which have rendered the performance of this contract with appellant impossible.

(12) That appellee has been ready, able, and willing at all times to perform all the things required of it by the contract, and would have fully complied with said contract in every particular if it had not been prohibited from so doing by the acts of the appellee.

(15) That the purpose of the contract between appellant and appellee, and the principal consideration moving appellant to enter into the contract, was the opportunity to realize a profit upon the resale of the lands; that appellant was engaged in buying and selling lands, all of which facts were well known to appellee; that, if appellee had carried out the terms of its contract, it would have made a net profit of $500,000.

It is our opinion that the trial court correctly sustained the general demurrer to appellant's petition, for the following reasons, to wit:

[1] First. An analysis of the contract between appellant and appellee shows that it was contemplated by both parties that Beamer should have all of the 1st day of November in which to enter into a contract with the Donna irrigation district. It is true that the first part of this contract practically brings forward the exact language of the contract between Beamer and appellee (as shown by our quotations above made); but further on in said contract, in providing for the conditions to be performed on the 15th of December, this significant language is used:

"Or if the said John T. Beamer shall so default as to the conditions provided in said contract, copy of which is attached thereto, to be performed by him on or before November 1, 1917," etc.

This language was selected by appellant to express its agreement. It is a part of the contract. We must give it some meaning. We see no reason why appellant should not be held to its own construction of the word "by," as used in the Beamer contract, in connection with the conditions to be performed by Beamer "by" November 1st.

[2] Second. Appellant has rested its case on the construction to be given that part of the Beamer contract shown in the fifth paragraph of his petition, as copied above by us. Both parties have diligently collated the authorities defining "by" and "until"—the two words limiting the time in which the conditions of the contract are to be performed. "By" is thus defined by Corpus Juris, vol. 9, p. 1109:

"In its primary sense the word expresses relation to place. In this sense it signifies at or near; passing; along the line of; in presence. But its import is more definite when used to express the relation of time. In this application it signifies on; before; on or before; as early as; as soon as; not later than. By its various, remote, and casual associations, its meaning is variously modified. Thus by context it may mean to; according to; besides; through the means, act, or instrumentality of."

By the weight of authority, when used to express the relation of time, "by" includes the date mentioned; but the authorities also hold that it excludes the day mentioned, provided the context requires this definition. We do not give the authorities under this definition because they are fully collated by Corpus Juris. Under these latter authorities appellant advances the proposition that "by" excludes. the 1st day of November, calling our special attention to the context in which it is used, and especially to this clause:

"Then the first party agrees to stay and postpone any attempt to execute said judgments until the first day of November, 1917, on which date said La Blanco Agricultural Company and B. H. Hooks shall be free to go forward with the execution of their judgments, * * * unless by said date, to wit, November 1, 1917, the said Beamer himself has entered into, made a bond for, and secured a contract in every way ready to go to work under it with the Donna irrigation district."

If the proper construction of this word rested on the quoted phrase, we would be inclined to agree with appellant; but in defining "by" we must bear in mind that both these contracts were entered into on the same day, and that the Beamer contract must be considered a part of appellant's contract in determining its rights. In doing this we are met with the proposition, as shown above, that appellant itself has defined this word as meaning on or before, and, as shown by parts of appellant's petition which we have not quoted, appellee and Beamer construed this word to mean on or before. It appears from appellant's petition that appellee accepted the contract enter-

ed into on the 1st day of November, by Beamer with the Donna Irrigation Company, as a full compliance with Beamer's obligation. No charge of fraud or collusion is made by appellant against this construction.

[3, 4] Third. As we construe appellant's petition, it makes its rights under this contract to rest upon the proposition that because Beamer did not comply with his contract before the 1st day of November, 1917, the deeds which had been placed in the hands of Stuart R. Smith became absolute, and by reason thereof the equities of Beamer were extinguished, and the title in fee vested in appellee. This allegation is specifically made by appellant in the tenth paragraph of his petition, as above copied. We do not so construe this contract. As appears from the quotation given in the sixth paragraph of appellant's petition, appellee had the option of declaring these deeds to be absolute conveyances or of selling the land under judicial sale. This clause provides these deeds do not take effect until appellee should so elect, which election must be evidenced by recording the deeds. It does not appear from appellant's petition that the deeds were recorded, as provided in the contract; hence we do not understand how the title in fee could have vested in appellee on November 1st. There is no allegation that appellee ever exercised the option given to it to claim title under the deeds, nor are any facts alleged which would have relieved it of this duty. The allegation in appellant's petition that "the title in said property thereupon became and was, by reason of the existence of said conveyances and provisions of said contract, fully and completely vested in said La Blanco Agricultural Company," is only a conclusion of the pleader, and is not sustained by the allegations of fact in its petition. It affirmatively appears. from said petition that the title did not vest in appellee on November 1st.

[5] Fourth. Again, appellant cannot recover on these contracts unless some privity is. shown between it and Beamer as to the contract actually made by Beamer with the Donna Irrigation Company on November 1st, or privity between Beamer and appellee. If appellant is correct in saying that the title to this land vested in appellee on November 1st, then Beamer had no right, title, or interest therein, and neither the appellant nor the appellee could avail itself of such contract. It is clear, both from the Beamer contract and from the contract between appellant and appellee, that provision was being made for irrigation of these lands. A contract with Beamer, no privity being shown between him and appellant and appellee, is not in compliance with that paragraph of appellant's contract copied in paragraph 7 of appellant's petition.

Finding no error in the judgment of the trial court, this judgment is in all things affirmed.