**J. C. ENGELMAN LAND CO. v. LA BLANCO AGR. CO.** (No. 254-3461.)

(Commission of Appeals of Texas, Section B. April 5, 1922.)

**1. Time ⬯15—Conditions of contract to be performed "by" stated date required performance before that date.**

Where party agreed to stay execution of judgment until November 1, "on which date * * * shall be free to go forward with the execution," "unless by said date" the other party had performed his condition, freedom to proceed with execution could not come into play until after the right to stay had expired and was a negation of the right of the other party to perform his condition on the same day and removed any ambiguity in the use of "until" and "by" as marking the boundary of time within which the one agreed to stay the execution.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, By.]

**2. Time ⬯15—Where contract was to be performed "by" a certain date, reference to it in contract with third party as to be performed on or before such date did not change it.**

Where a contract provided that plaintiff's rights should not come into being unless another failed to perform a condition in a contract with defendant in procuring an irrigation contract "by" November 1, the use in plaintiff's contract of the expression "on or before November 1" referring to the condition, did not change the time for completion set in original contract.

**3. Vendor and purchaser ⬯79—Condition of purchaser's rights construed.**

Where plaintiff's contract gave plaintiff certain rights as purchaser from defendant vendor in case of default of a prior purchaser, B, who had obtained from vendor stay of proceedings against him, by depositing in escrow reconveyances to the vendor to be delivered in case of default on a later date, and plaintiff's contract provided that the provisions of the contract with B. relative to reconveyance "shall become operative and binding between the parties" if B. should default by the named date, held, that plaintiff's rights under his contract in case of B.'s default were not dependent upon defendant's acceptance of the instruments of reconveyance by B., nor could defendant defeat plaintiff's rights by failing to record the instruments.

**4. Contracts ⬯186(1)—Land contract held not to require privity as respects collateral contract.**

Where defendant vendor's contract gave plaintiff certain rights as purchaser if, by a certain date, "A contract shall have been * * * let by" a named irrigation district "for the extension of its system as aforesaid," held, that it was not necessary that either plaintiff or defendant should be in privity with any party to the irrigation district contract.

**5. Vendor and purchaser ⬯49 — Arbitration provision not applicable where no doubt arose.**

Where defendant vendor's contract gave plaintiff certain rights as purchaser in case of default of another purchaser, B., "provided, if reasonable question should arise as to whether the said" B. had defaulted, the vendor reserved the right to determine that question by a majority vote of its stockholders, such proviso was inoperative where B.'s contract was unambiguous in requiring performance before November 1, and there was no doubt or controversy that he had failed to perform before that date; so that a finding that B. had November 1 within which to perform was without basis.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by the J. C. Engelman Land Company against the La Blanco Agricultural Company. From judgment of the Court of Civil Appeals (220 S. W. 653) affirming a judgment for defendant after sustaining a demurrer to the petition, plaintiff brings error. Reversed, and remanded to the district court for trial.

Todd & Reeves, of Beaumont, and Andrews, Streetman, Logue & Mobley, of Houston, for plaintiff in error.

Smith & King, A. M. Huffman, and Smith & Crawford, all of Beaumont, for defendant in error.

McCLENDON, P. J. This suit, as originally brought, was for specific performance of a conditional contract to convey land, and in the alternative for damages for its breach. By amended petition it was alleged that defendant had so dealt with the land as to render performance by it impossible, and as a consequence the action for specific performance was abandoned and that for damages only retained. The trial court sustained a general demurrer to plaintiff's petition and overruled a general demurrer ·to defendant's answer. Plaintiff declined to amend, and the suit was dismissed. The Court of Civil Appeals affirmed the trial court's judgment upon the holding that the general demurrer to plaintiff's petition was properly sustained, but did not pass upon the correctness of the trial court's ruling upon the general demurrer to defendant's answer. 220 S. W. 653.

The questions presented call for the construction of two written contracts. The parties to one of these contracts were J. C. Engelman Land Company, plaintiff below and plaintiff in error here, and La Blanco Agricultural Company, defendant below and defendant in error here. The other contract was executed by the latter company and one B. H. Hooks, as first parties, and one John T. Beamer, as second party. These contracts will be referred to respectively as plaintiff's contract and the Beamer contract. The rights of plaintiff under its contract are made conditional upon the default of Beamer under his contract. The primary question for determination is whether Beamer was required to procure a certain contract for irrigating the land before November 1, 1917, or whether the procuring of such contract on November 1, 1917, was a compliance with his contract. If this question be determined adversely to Beamer's rights under his contract, then the further question arises whether plaintiff is precluded from recovery under a provision of its contract whereby defendant reserved the right to determine by vote of its stockholders any reasonable question which might arise as to whether Beamer had failed to comply with any conditions of his contract. Other questions decided by the Court of Civil Appeals will be mentioned later.

For the purposes of this decision it will only be necessary to set out certain material provisions of the two contracts.

The Beamer contract recited that Beamer was indebted to defendant and B. H. Hooks upon certain notes secured by vendor's lien upon certain lands; that in a suit in which defendant was plaintiff, Hooks was intervener, and Beamer. and others were defendants, judgments of foreclosure had been taken by defendant and Hooks against Beamer for the amount of the notes, with foreclosure of the vendor's lien. The agreement then provided for stay of execution for three successive periods; each succeeding stay being dependent upon Beamer's doing certain things. Beamer agreed on or before October 15, 1917, to execute or cause to be executed certain instruments conveying the land to the defendant and to place these instruments in the hands of Stuart R. Smith, defendant's attorney. Failure to comply with this provision gave defendant the right to proceed with execution. The agreement then provided:

"If, however, said instruments are placed, as above required, in the hands of the said Stuart R. Smith, then the first parties agree to stay and postpone any attempt to execute said judgments until the 1st day of November, 1917, on which date said La Blanco Agricultural Company and B. H. Hooks shall be free to go forward with the execution of their said judgments, the same as if this instrument had never been executed, unless by said date, to wit, November 1, 1917, the said Beamer himself has entered into, made bond for, and secured a contract in every way ready to go to work under it, with the Donna irrigation district, Hidalgo county, No. 1, to construct ready for use a system of ditches and laterals adequate to conduct the water supply for irrigation to consumers for all the land foreclosed upon in said judgments, said contract and the security of its performance to be satisfactory to the first party, or shall then own or control such a contract, in which event any steps to execute said judgments shall be further stayed, until the 15th day of December, 1917, after which day these agreements shall not in any way affect the rights of the first parties to proceed to the execution of said judgment."

In case of compliance by Beamer with the last-quoted provision there was a further provision requiring him to pay certain sums of money on or by December 15, 1917. The last paragraph of the contract reads:

"It is agreed that, in case a failure of the second party to comply with this contract at any time so as to give the first parties freedom to proceed with the execution of said judgments, then the instruments hereinbefore provided to be placed in the hands of Stuart R. Smith shall take full effect and force, according to their face, effect, and tenor, and shall

obviate and render unnecessary, if so deemed by the first parties, the sale under foreclosure of said lands, such instruments being intended, should they take effect under this agreement, to take the place of any judicial sale of said land, and when accepted, which acceptance shall be evidence by the recording thereof, by the first party as reconveyances and acquittances of said lands, the same shall constitute a discharge of the parties grantors in said instrument of any personal liabilities whatever existing by reason of said judgments, it being understood that such instruments are not to be placed of record until by the terms of this instrument they may become effective."

The Beamer contract was in terms made a part of plaintiff's contract, and was executed on the same day. The latter was an agreement by defendant to convey to plaintiff the lands described in the Beamer contract upon certain terms and conditions, its binding effect to be conditional, however, upon the default of Beamer under his contract. After providing for the contingency of Beamer's default in depositing the instruments with Smith, the contract reads:

"Or if the said Beamer shall not default as to the conditions to be performed by the said Beamer on or before October 15, 1917, as provided in said contract, the copy whereof is hereto attached as aforesaid, but the said Beamer shall become in default as to the conditions provided to be performed by him by November 1, 1917, by which default the first party would become entitled under the terms of said contract to proceed with the execution of said judgment, and if a contract shall have been on or prior to said 1st day of November, 1917, let by the said Donna irrigation district, Hidalgo county, No. 1, for the extension of its system as aforesaid, and the second party shall pay to the first party the sum of twenty thousand ($20,-000.00) dollars on or before November 10, 1917, which second party so agrees to so pay if said contract has then been so let, then the provisions hereof relative to the conveyance of said land shall become operative and binding between the parties; or if the said John T. Beamer shall not so default as to the conditions provided in said contract, copy of which is attached hereto to be performed by him on or before November 1, 1917, but said Beamer shall fail to perform any conditions provided in the said contract to be performed by him on or before December 15, 1917, by which failure first party would become entitled to proceed with the execution of the said judgment or to put into effect the instruments provided in said attached contract to be placed in the hands of Stuart R. Smith, and if by the said December 15, 1917, said irrigation district shall have let said contract for the extension of its irrigation system on to the said land as aforesaid, and if, within five days after the said 15th day of December, 1917, the said second party shall have paid the first party the sum of twenty thousand ($20,000.00) dollars which second party agrees to so pay if said contract has been so let, then the provisions hereof hereinafter set forth relative to the conveyance of said lands shall be and become operative and

binding upon the parties hereto; provided, however, if a reasonable question should arise as to whether the said John T. Beamer has failed to comply with any conditions of the hereto attached contract between La Blanco Agricultural Company and John T. Beamer, the effect of which noncompliance would be to place this present contract in operation, the said La Blanco Agricultural Company reserves the right to determine said question by a majority vote of its stockholders at a meeting thereof to be held at its legal domicile within fifteen days after receiving notice of the intention of the J. C. Engelman Land Company to claim the benefit of such noncompliance, and the decision by said stockholders shall be conclusive upon the parties hereto; provided, further, that a failure to hold such meeting of stockholders or to decide the said question thereat within said time shall operate as a waiver by the said La Blanco Agricultural Company of the right of decision so reserved."

The petition alleges that Beamer complied with the requirement to deposit the instruments with Smith, but that he failed to comply with the requirements to procure the irrigation contract by November 1, 1917, but that he did procure such contract on November 1, 1917. It is also alleged in the petition, as well as in the answer of defendant, that the latter submitted to its stockholders within the time required in defendant's contract the question whether Beamer's procuring of such contract on November 1, 1917, was a compliance with the contract, and that the stockholders decided that it was. Other allegations essential to recovery are made in plaintiff's petition.

The condition in plaintiff's contract, the question of the happening of which determines his rights in this case, is:

"But [if] the said Beamer shall become in default as to the conditions provided to be performed by him by November 1, 1917, by which default the first party would become entitled under the terms of said contract to proceed with the execution of said judgment, * * * then the provisions hereof relative to the conveyance of said land shall become operative and binding between the parties."

This language is clear and definite, and we hardly see how a reasonable doubt could arise as to its meaning. It automatically made the provisions of plaintiff's contract operative and binding upon the parties in the event default was made by Beamer in the doing of these things which his contract required him to do "by November 1, 1917, by which default the first party would become entitled under the terms of said contract to proceed with the execution of said judgments." If such default did occur by which the right on defendant's part to proceed with the execution of the judgment arose, then clearly the rights of plaintiff, upon his compliance with the prerequisite conditions which he alleges he performed, became absolute. We

are therefore left to determine only the question whether under the terms of the Beamer contract default was made which gave defendant the right to proceed with the execution of his judgment.

. [1] The language in the Beamer contract which controls that question—that is, whether the things to be done must be done before November 1st, or whether he had November 1st in which to do them—is that execution was to be stayed "until the 1st day of November, 1917, on which date La Blanco Agricultural Company and B. H. Hooks shall be free to go forward with the execution of their said judgments, * * * unless · by said date, to wit, November 1, 1917, the said Beamer himself had entered into," etc.

This language likewise, we think, is clear and definite, and does not admit of reasonable doubt as to its meaning. The prepositions "by" and "until," when used in connection with a day as denoting a terminal period of time, have been held to be synonymous both with "on or before" or "not later than," and with "before"; that is, some courts have held that the day named is included in the period and others that it is excluded. The decisions in which "by" is construed are collated in a note under the case of Scheuer v. Benedict, 173 Wis. 241, 181 N. W. 129, 12 A. L. R. 1166. These decisions might be grouped into several classes, as for example, those holding that the day named is excluded where there is nothing in the context to aid in the construction; those which under like circumstances hold that the day is included; those in which the intention of the parties is evidenced by other language of the instrument, or by the context; and those in which the word is used in statutes or rules of court regulating practice by which a party litigant is required to file some paper or perform some act by a certain day.

There are not a great many cases upon this subject, and decidedly few where the context of the instrument to be construed does not shed some light upon the intention of the parties. The cases which without contextual aid hold that "by" as marking a terminal point of time, is synonymous with "not later than," in the opinion of the writer, use the expression "point of time" inexactly as applied to a day. Unquestionably where the terminal point of time is in fact a point without duration, such as an hour of the day or end of a month or year, this definition of "by" is accurate. But where the terminal point of time used is not in fact a mere point, but a period of time with duration, and where nothing to the contrary is indicated, we are not prepared to say that "by" does not more accurately signify "before."

Words acquire a fixed meaning by common usage; and, except where employed in some technical sense, it has been the general practice of courts, in defining their meaning, to resort to this common usage. The most common words of our language are often employed to express a variety of meanings. A few illustrations will suffice to show that common usage has not given to the words "by" and "until," when used to denote a terminal period of time in connection with day or month, such a definite and fixed meaning as necessarily either to exclude or include the day or month named. "I will arrive by Friday" would naturally convey the idea that Friday was included. But, "when a thing is ordered by a particular day, it is with the view of having the use of it on that day. Thus, a coat is ordered by Sunday, with a view of wearing it to church. And the popular agrees with the philological import of the word which is explained by our great lexicographer by the words 'near, besides, passing, in presence,' all of which denote exclusion." Rankin v. Woodworth (Pa.) 3 Pen. & W. 48. In the Scheuer Case, above, it was said:

"When used with a verb in the perfect tense, the word 'by' more naturally denotes a completed action at the time boundary marked by it, as 'the work must be finished by Friday.' On the other hand, 'the work must finish by Friday' perhaps more naturally means including Friday."

A striking illustration of this lack of definite or fixed meaning of the word "by" is presented in the Scheuer Case, above, on the one hand, and Wilson v. Rodeman, 30 S. C. 210, 8 S. E. 855, on the other. In the former of those cases the court had for construction a notice by a landlord to his tenant under lease from month to month to quit "by April 30." It was held that April 30 was included, since the notice to quit before that day would have been invalid. In the latter case the tenant gave notice to the landlord that he would vacate "by the 1st of January, 1888, being the end of the present year of my tenancy." It was held that "by" evidently indicated that the premises would be vacated "when that time arrived (Worcester)—that is, before that time."

In the construction of statutes and court rules requiring papers to be filed "by" a certain day, courts have usually held that the day named was included. This is in line with a general policy that rules of procedure be constructed liberally.

The word "until" when used in this connection probably more naturally conveys the idea of exclusion. But here again it cannot be said that common usage has definitely affixed to it that meaning.

The following is from Webster's International Dictionary:

"In ordinary use as well as in contracts and other legal documents the question as to whether 'until' is inclusive or exclusive of the date mentioned generally depends upon the connection or circumstances in which the word is

used. The weight of judicial decisions is that 'until' is prima facie exclusive. 111 N. Y. 621; 120 Mass. 94; 66 Kan. 512; 10 Neb. 524; 64 Vt. 566; 44 Fed. 369; 119 Ind. 72; 82 Ind. 498."

In Harvey v. Inv. Co., 150 S. W. 284, the Court of Civil Appeals, in construing an order of court giving appellant until a day named in which to file a statement of facts, said:

"While the word 'until' is perhaps most frequently used in a restrictive sense, and excludes the day mentioned, such is not its necessary or only meaning. Whether it includes or excludes the day mentioned depends upon the intention with which it was used, which is to be inferred from the nature and circumstances of the case. In this case we think this word should be given a liberal construction, rather than a restrictive one, which would defeat appellant's appeal without reference to its merits."

Further review of the authorities defining "by" and "until" is unnecessary. As already stated, the effect of them is that these words are used either as including or excluding the day named; and, if interpretation of the contract before us depended solely upon the definition of those words, rules for the construction of written instruments might be invoked under which we might be inclined to hold that Beamer had November 1 within which to procure the irrigation contract. The language of the instrument, however, by which the defendant "on which date [November 1, 1917] * * * shall be free to go forward with the execution of their said judgments" removes any substantial doubt as to the intention of the parties. Freedom on the part of defendant to proceed with the execution of the judgments could not come into play until after the right to a stay of those executions had expired. The relative rights of Beamer to a stay of execution and of defendant to proceed with execution could not simultaneously exist. The one right was a negation of the other. The plain and unequivocal language in which defendant is on November 1, 1917, given freedom to proceed with the execution of the judgments removes any possible ambiguity which otherwise might arise by the use of "until" and "by" as marking the extreme boundary of time within which defendant agreed "to stay and postpone any attempt to execute said judgments."

[2] The only other language in either contract which it is contended bears upon this question is that portion of plaintiff's contract providing that, if Beamer should not default in the conditions to be performed by him "on or before November 1, 1917," but should fail to perform the conditions required on or before December 15, 1917, etc. We do not think the use of the expression "on or before November 1, 1917," in this portion of plaintiff's

contract has any effect upon the proper construction to be given to the language in the Beamer contract relating to the conditions he was required to perform by November 1, 1917. He was not a party to plaintiff's contract, and that contract can have no effect upon the proper interpretation to be given to his contract. Especially is this true where the language of his contract presents no ambiguity and is not open for construction. We think the case upon the issue here under consideration is clearly one in which the parties have bound themselves by written agreements free from uncertainty and ambiguity; and whatever hardships may result from enforcing them according to their terms are but incident to the right of freedom of contract, and cannot relieve the courts of the duty of declaring the rights and obligations of parties in accordance with the express terms of their voluntary undertakings.

The Court of Civil Appeals, besides holding that Beamer had November 1, 1917, within which to procure the irrigation contract, denied plaintiff the right of recovery upon two other grounds.

[3] First of these grounds was that under the last paragraph of the Beamer contract, quoted above, the instruments lodged with Smith did not become operative as vesting title in defendant upon default by Beamer, but that it was optional with defendant whether it would give them that effect or proceed to sell the land under the foreclosure judgments, and that, since it was not alleged that defendant exercised that option, it was not shown that defendant acquired title to the land which it contracted to convey to plaintiff. A complete answer to this holding is to be found in the language of plaintiff's contract by which it is provided that the provisions of the contract "relative to the conveyance of said land shall become operative and binding between the parties" if "said Beamer shall become in default as to the conditions provided to be performed by him by November 1, 1917, by which default the first party [defendant] would become entitled under the terms of said contract to proceed with the execution of said judgment." The petition alleges, not only the default of Beamer in the regard named, but also that Beamer had fully complied with the previous condition of lodging the instruments with Smith, the legal effect of which, when accepted by defendant, was to vest full title in the latter. Under the pleadings resort to judicial sale was rendered unnecessary. Defendant's option to foreclose was merely for the purpose of protecting it in case it should conclude that the instruments did not confer every right in the land which would be conferred by judicial sale. The rights of plaintiff under his contract were in no sense dependent upon defendant's acceptance of the instruments, and, even were this

a suit for specific performance, we think plaintiff would have had the right to compel defendant either to file the instruments for record or proceed with the foreclosure, if necessary, to complete defendant's title and make conveyance to plaintiff in accordance with his contract. By failing to record the instruments, defendant could not, in our opinion, defeat plaintiff's rights either to specific performance of the contract or to damages for its breach.

[4] The second holding was in effect that, as no privity was alleged between plaintiff and defendant, or either of them, on the one hand, and either party to the irrigation contract, on the other, there was no compliance with the condition in plaintiff's contract which authorized or required plaintiff to pay the $20,000 and demand a conveyance of the property. The language of the contract upon this issue reads, "and if a contract shall have been on or prior to the said 1st day of November, 1917, let by the said Donna irrigation district, Hidalgo county No. 1, for the extension of its system as aforesaid." There is nothing to indicate that plaintiff and defendant, or either of them, should be in privity with any party to such contract. Plaintiff was not required to obtain it, nor did he agree to procure its execution. His right to pay the $20,000 and demand a conveyance of the land was made conditional merely upon the execution of such contract. The petition alleges the happening of this condition; therefore we think a good cause of action was stated.

[5] The only remaining issue presented for our decision is whether plaintiff is precluded from recovery by reason of the finding by defendant's stockholders that Beamer had November 1, 1917, within which to procure the irrigation contract. A number of contentions are presented by the respective parties touching both the proper construction and validity of the above-quoted arbitration provision of the Beamer contract. The conclusion we have reached, however, renders a consideration of these contentions, save one, unnecessary. The Beamer contract being, as we have shown, clear and certain in its meaning, and free from ambiguity, and there being no question or controversy over the fact that Beamer had not, before November 1, 1917, done anything which could be claimed to constitute compliance with the terms of his contract, it follows that no "reasonable question * * * whether * * * Beamer has failed to comply with any conditions" of his contract ever arose; and there was therefore no basis for an arbitration by majority vote of the stockholders of the Agricultural Company.

We therefore conclude that the trial court erred in sustaining the general demurrer to plaintiff's petition, and in overruling the general demurrer to defendant's answer, and that the judgments of the trial court and Court of Civil Appeals should be reversed, and the cause remanded to the former for trial upon the merits.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission of Appeals on the question discussed in its opinion.