## EX PARTE F. L. DAVIS.

No. 10544.   Delivered October 13, 1926.

**Habeas Corpus—Transcript on Appeal—Practice in Trial Court.**

Where a habeas corpus hearing is held in the lower court in vacation, the transcript and proceedings on appeal must be certified by the trial judge, and the certificate of the clerk is not sufficient.   The record must also show notice of appeal from the judgment remanding relator.   The record before us being defective in this respect, the appeal is dismissed. See Art. 858; C. C. P.; also Ex Parte Francis, 91 Tex. Crim. Rep. 398; Ex Parte Shearman, 89 Tex. Crim. Rep. 340, and Ex Parte Francis, 91 Tex. Crim. Rep. 398.

Appeal from the District Court of Erath County.   Tried below before the Hon. J. B. Keith, Judge.

Appeal from a habeas corpus hearing refusing bail in a case of rape, appeal dismissed.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Relator is under indictment for the offense of rape.   By habeas corpus proceeding before Hon. J. B. Keith, Judge of the Twenty-ninth Judicial District, relator sought release upon bail.   His request for bail was denied and he was remanded to the custody of the sheriff.

The record before us is incomplete in two particulars.   The hearing was had in vacation, and in such case the transcript of the proceedings must be certified by the judge.   Art. 857, C. C. P. (1925).   The present transcript is certified by the clerk.   This is proper only when the hearing is had by the court in session. Ex Parte Francis, 91 Tex. Crim. Rep. 398, 239 S. W. 937.   The record shows no notice of appeal from the judgment remanding relator.   Without such notice no jurisdiction is given this court. Ex Parte Shearman, 89 Tex. Crim. Rep. 340, 230 S. W. 691; Ex Parte Francis, 91 Tex. Crim. Rep. 398, 239 S. W. 957.

The cause is dismissed.

*Dismissed.*