Wheeler, J.
It is insisted on behalf of the appellant, and plaintiff below, that he was entitled to recover, 1st, by virtue of his lease; 2d, by reason of his prior possession; and that the judgment of the court, denying- his right, is, consequently, erroneous.
The lease constituted the lessee the tenant at will of the corporation. The death of either lessor or lessee puts an end to the estate at will. By the dissolution or civil death of the corporation in this case, the estate at will was determined. No estate survived and subsisted in the plaintiff by virtue of the lease; and it consequently was no evidence of title to support the action.
Had the corporation alienated the land previous to its dissolution, that event would not have divested the title of the vendee; or, had the lease been for a certain period and not merely at will, the right of the lessee to his full term would not, I apprehend, have been affected. But the present, being- manifestly a mere tenancy at will, was determined by the dissolution of the corporation which created it; and there was an end of the rights of the plaintiff under the lease. The court, therefore, did not err in excluding it from the jury.
*70 In respect to the remaining- point — tlie right of the plaintiff to recover by-reason of his prior possession — it is true that one in actual peaceable and lawful possession of lands may maintain an action against a mere trespasser by whom he has been dispossessed, but it is held that where the plaintiff claims to recover on this ground, the fact of his prior possession must be clearly and unequivocally proved. (3 Johns. R., 383.) Wo are of opinion that the evidence did not establish the fact of such possession in the plaintiff. One or two of the witnesses use the expression that the plaintiff held possession of the premises; but the evidence shows what they meant; that it was the mere expression of their opinion as to what constituted the holding of possession, and not the statement of a matter of fact. Tlie evidence of possession was not such as would have authorized a verdict for the plaintiff. Under the evidence tlie plaintiff was not entitled to recover; and the court, therefore, did not err in instructing the jury to find for the defendant. It would have been idle to have referred tlie case to the decision of the jury when there was not evidence before them on which they could legally render a verdict. And it is no infraction of the rule which forbids the court to charge upon the weight of evidence, when there is no evidence competent for the j ary to weigh, so to instruct them. The judgment is affirmed.
Judgment affirmed.