## Charles Berry v. The State.

1. Charge of the Court. — The sufficiency and applicability of a charge to the jury is to be tested by the pleadings and the evidence. The object and purpose of the charge is to enable the jury to deduce the proper con-

clusion from the evidence before them; and to accomplish this purpose it should be confined and adapted to the facts in proof.

2. Same. — The legal reason for omitting or refusing an instruction is, that the pleadings and evidence do not require or warrant it.

3. Same — Case Stated. — In a trial for murder the court instructed the jury that there was no evidence of such adequate cause as would mitigate a voluntary homicide from murder to manslaughter, and omitted any further discussion of the law of manslaughter. *Held*, in view of the evidence, that the instruction was not on the weight of evidence nor otherwise erroneous; but that the same legal effect would have resulted from ignoring the subject altogether.

Appeal from the District Court of Travis. Tried below before the Hon. E. B. Turner.

This appeal is from a conviction of murder in the second degree upon an indictment which charged the appellant and Ben Wright with the murder of one Garlop Edmasd on July 2, 1878, by shooting him.

All the parties were colored. Wright made his escape before he could be arrested, and the appellant alone was on trial. The jury found him guilty of murder in the second degree, and assessed his punishment at sixteen years in the penitentiary.

The evidence shows hostility and previous threats of the appellant against the deceased, inspired apparently by jealousy springing from their rivalry for the favor of the same girl. The shooting was done with little or no ceremony, and without immediate provocation or occasion of any kind, so far as the evidence discloses. It occurred at Webberville, in Travis County.

No brief for the appellant.

*W. B. Dunham*, for the State.

Winkler, J. The only bill of exceptions contained in the record calls in question a certain portion of the charge of the court, which is set out in the bill of exceptions as follows : " If you should find the defendant unlawfully killed

the deceased, then I charge you that there is no evidence before you tending to show that there was at the time of the killing any provocation which would reduce a voluntary unlawful homicide from murder to manslaughter." It was further objected that the court failed, in conjunction with the above and foregoing charge, to define the offence of manslaughter, and to charge the jury as to what constitutes the same.

Whether there was error in refusing to charge the jury on the subject of manslaughter, or not, depends upon the question whether there was in the evidence any proof from which an unlawful killing, if proved, would under the law be reduced from murder to manslaughter or not. On this question we are constrained to say, from an examination of the statement of facts, that we find no testimony tending to show that the homicide for which the defendant was tried was committed under the immediate influence of sudden passion. This being the case, the court was not required by law to give to the jury any instruction on the subject of manslaughter whatever. The question recurs, however, to the other proposition embraced and set out in the bill of exception, viz. : Was it error on the part of the court to tell the jury in his charge that there was no evidence before them which would reduce the homicide from murder to manslaughter ; for this is the effect of the portion of the charge complained of.

The general idea runs through the decisions of both civil and criminal cases that whether a particular charge is required or not depends upon the evidence adduced on the trial, and that this court, as did the Supreme Court, will on appeal look to the evidence in the case in order to determine the question. In *O'Connell* v. *The State*, 18 Texas, it was said (page 363) : "It is no objection to the charge of the court that it supposes the state of facts which the evidence showed really to exist, and deduced the legal conclusion applicable to such a state of facts. That is precisely

what every charge should do. That is the design and purpose of giving instructions to the jury; it is to inform them respecting the law applicable to the particular case in hand, and the more exactly the charge is adapted to the very case, the more likely will the jury be to arrive at a correct conclusion in the application of the law to the fact. Instructions beyond what the facts call for can never subserve any beneficial purpose, and may mislead. The charge should be framed and is to be considered in reference to the facts of the case." The decision in O'Connell's case seems to have been based upon and to have followed substantially the authority of *Shorter* v. *The People*, 2 Comst. 193 *et seq*.

In *Hudson* v. *The State*, 40 Texas, 12, Reeves, J., delivering the opinion of the court, says: " The charge of the court must have reference to the evidence. The court should instruct the jury upon the law applicable to the case as made by the proofs. Where the facts in evidence conduce to establish that the defendant may be guilty of something less than that with which he is charged, when the offence admits of degrees, the difference between the degrees should be explained to the jury by instructions from the court. Under these general rules it is believed that this case presents no serious embarrassment. There is nothing in the evidence that made it necessary for the court to explain to the jury the degrees in murder, or to instruct them upon the law applicable to the difference between murder in the first and second degrees, or the constituents, in manslaughter as distinguished from murder. No fact or circumstance was proved on the trial that would justify or excuse the homicide, or reduce it to murder in the second degree, or to manslaughter, as defined by the code and expounded by this court.". Numerous other cases decided by the Supreme Court and by this court might readily be cited, but these will suffice to show that the sufficiency and applicability of a charge is to be confined to and tested by the pleadings and the evidence. The uniform

reason why a charge should be given is that the proofs warranted it, and the reason why it should not be given is that it was not required or warranted by the evidence. The uniform rule to give or withhold an instruction as the evidence may or may not warrant is based upon the idea that there is evidence which requires the charge, or that there is not evidence rendering an instruction necessary. Suppose, then, the court should decline to give a particular charge on a particular subject, the legal ground for so doing would be that there was no testimony to warrant it.

It being not error to refuse an instruction for the reason that there was not evidence to warrant it, would the action of the court be any plainer or more liable to criticism if, instead of simply withholding an instruction on account of the absence of testimony, for him to tell the jury in so many words there is no evidence on the subject? To our minds the principle is the same in both instances. In *Lea* v. *Hernandez*, 10 Texas, 137, and in *Parker* v. *Leman*, id. 116, and many other of the earlier civil causes, the principle seems to have obtained that " when there is either no evidence, or none that is competent to support any material issue in the case, so to instruct the jury is no infraction of the statute which forbids the judge to charge upon the weight of evidence. This rule can only apply where there is evidence competent for the jury to weigh." *Roddy* v. *Kingsbury*, 5 Texas, 152.

In the present case, believing as we do that there was no evidence adduced on the trial tending to show that at the time the homicide was committed there was any such provocation as would reduce a voluntary homicide from murder to manslaughter, we are of opinion the court did not materially err in so instructing the jury. A verdict for manslaughter would have been against law and evidence. The same end would have been attained by refusing to charge on the subject of manslaughter entirely. For all that appears from the record, it seems that the jury were properly

charged as to every defence made or suggested by the evidence.

We have investigated the case as made by the record, without aid of counsel for the appellant, but without discovering any such error as will warrant a reversal of the judgment.

The judgment of the District Court must be affirmed.

*Affirmed.*