PATTERSON v. ELLIS et al.

(Court of Civil Appeals of Texas. Texarkana. June 13, 1912. On Motion for Rehearing, June 29, 1912.)

1. LANDLORD AND TENANT (§ 115*) — CONSTRUCTION OF LEASE—TERM.

Where an owner refused to lease for a year, but told the tenant he could have the house until she needed it for her own use, which would not be till the next spring or summer, the lease was merely from month to month.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 391–394; Dec. Dig. § 115.*]

2. TRIAL (§ 253*) — INSTRUCTIONS IGNORING ISSUES.

In an action for rent and to recover the premises, where the evidence showed a renting from month to month, a special charge authorizing a general verdict for the defendant and ignoring the rents sued for was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

3. APPEAL AND ERROR (§ 1068*)—HARMLESS ERROR—INSTRUCTIONS.

In an action by a landlord to recover possession and for rent, where the evidence showed a rental agreement from month to month, an instruction that, if defendant rented the premises for one year, he was entitled to a verdict, otherwise to find for plaintiff, if erroneous, was harmless where the evidence was such that the court might have properly directed a verdict for plaintiffs, and where, according to defendant's own account, the period of his occupancy had expired.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228, 4230; Dec. Dig. § 1068.*]

On Motion for Rehearing.

4. LANDLORD AND TENANT (§ 285*)—ACTION TO RECOVER RENT—EFFECT OF FINDING.

In a landlord's action to recover the possession and rent alleged to be due, where defendant answered by exceptions, general de-

nial, and a plea of not guilty, putting both the title and the right of possession in issue, but the proof showed that defendant was only a tenant whose possession depended upon a rental contract, a finding that his term had not expired, while protecting his right of possession, would not absolve him from his liability for rent.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1193–1197, 1199–1204; Dec. Dig. § 285.*]

5. TRIAL (§ 253*)—LANDLORD'S ACTION FOR RENT—TRIAL—INSTRUCTIONS.

In a landlord's action for possession and for rent, where the answer put the plaintiff's title in issue, defendant's requested charge that, if he rented the premises for the term of one year not then expired, judgment should be for him, was properly refused, since it ignored the issue of title.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 1031–1033; Dec. Dig. § 253.*]

6. LANDLORD AND TENANT (§ 285*)—LANDLORD'S ACTION FOR RENT—EFFECT OF GENERAL VERDICT FOR DEFENDANT.

Where the pleadings in trespass to try title by a landlord to recover the premises and rent put the plaintiff's title in issue, a general verdict for the defendant would result in a judgment in his favor for both the title and possession of the premises.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1193–1197, 1199–1204; Dec. Dig. § 285.*]

Appeal from District Court, Bowie County; P. A. Turner, Judge.

Action by Mary B. Ellis and others against R. M. Patterson. Judgment for plaintiffs, and defendant appeals. Affirmed.

Mahaffey & Thomas, of Texarkana, for appellant. Smelser & Vaughan, of Texarkana, for appellees.

HODGES, J. The appellee Mrs. Mary B. Ellis is the owner of a house and lot situated in the city of Texarkana, Tex. On the 10th day of July, 1911, she entered into a contract with the appellant, Patterson, by which she rented him the premises for no definite term at $45 per month, payable monthly in advance. In November, 1910, Mrs. Ellis, joined by her husband, brought this suit in the form of an action of trespass to try title for the recovery of the possession of the premises and for certain rents alleged to be due. She at the same time sued out a writ of sequestration, by virtue of which the property was seized; but the appellant subsequently regained possession by the execution of a replevy bond. The appellant answered by exceptions, a general denial, and a plea of not guilty. Upon a trial before a jury a verdict and judgment were rendered in favor of the appellees for the possession of the premises and the sum of $144 for rent.

[1] The only controverted issue of fact in the trial below was as to the length of time for which the appellant had leased the premises. Mrs. Ellis testified that she only rented them by the month and declined to make any other kind of an agreement; that the

terms were to be $45 per month, payable monthly in advance. The appellant testified that, when he began negotiations with Mrs. Ellis, he desired to lease the premises for a year, but that she refused to agree to this; that Mrs. Ellis told him, however, that he could have the house until such time as she might need it for her own use; that, if she decided to go to housekeeping again, she would want the house, but that in no event would she want the house till that time, and that she would not go to housekeeping until the following spring or summer, if then. He afterwards went to see her about the house, and agreed to take it at a rental of $45 per month. He also testified that he moved into the house believing that he would be permitted to use it for a considerable length of time, and expended the sum of $100 in preparing the house to live in, in providing floor matting, window shades, and such articles; that he would not have made those expenditures but for the impression created by what Mrs. Ellis told him about his being permitted to use the house till she again needed it for the purpose of housekeeping not earlier than the next spring or summer. The court instructed the jury as follows: "If you believe from the evidence that the defendant rented the premises described in the petition for one year, beginning on the 10th day of July, 1911, then you will find for the defendant. Unless you find for defendant under the above charge, then you will find for the plaintiffs." Appellant requested the court to give a special charge in substance as follows: "If you believe from the evidence that at the time the defendant rented the property in controversy from the plaintiff Mrs. Mary B. Ellis the defendant told Mrs. Ellis that he wanted the property for a considerable length of time, and that he did not want to move into the property for a short time, and you further believe from the evidence that Mrs. Ellis agreed with and consented that the defendant could occupy the premises at a monthly rental of $45 per month until such time as she might want to use it herself, and you further believe from the evidence that Mrs. Ellis then and there stated to defendant that she would in no event want the property until the next summer, and you further believe from the evidence that the defendant would not have rented the property unless he had been led to believe from the representations of Mrs. Ellis, if any, that he could have the place at least until the next summer, and you further believe that so believing and relying upon such representations, if any, of Mrs. Ellis, the defendant made expenditures in fixing up the house which he otherwise would not have made, then, if you so believe, you will find for the defendant." The giving of the main charge and the refusal of this special charge are the errors relied upon in this appeal.

It is clear that the testimony in this case shows a rental contract from month to month, and that no definite tenure was fixed beyond the first month. The contention that the appellant had the right to hold the premises till the following spring or summer is predicated upon the assumption that he was induced to believe this month to month tenure would not be terminated earlier than the following spring or summer; and that, acting upon the faith of the declarations attributed by him to Mrs. Ellis, he had expended money in preparing the house for occupancy. It is obvious that no contract was made by which the appellant bound himself to occupy and pay rent upon the premises for a term continuing till the following spring or summer. It was evidently the understanding of the parties that the rental contract was from month to month. To be binding contracts must be mutual. It cannot be said that Mrs. Ellis was bound and that appellant was not, if the rights of the parties are to be determined by the rental contract alone. But appellant seeks to retain possession because he was induced to believe his tenure would be extended till the following spring or summer, and because he had expended money upon the faith of the representations made to him. This right must depend, not upon the terms of the contract, but upon some grounds of estoppel.

[2] The special charge requested was properly refused, because it authorized a general verdict for the defendant and ignored the rents sued for.

[3] It may be that the charge given by the court was technically erroneous in view of the issues made by the evidence; but whatever error there may have been must be regarded as harmless, for the court might with propriety have directed a verdict for the appellees. Even if it be conceded that the court committed a material error in the charge referred to, it would furnish no reason for now reversing the judgment. According to appellant's own version of the negotiations that culminated in the contract, the period of his occupancy has now expired, and he has no other claim to the right of possession. The judgment is therefore affirmed.

### On Motion for Rehearing.

Counsel for appellant attack the grounds upon which we justified the refusal of the court to give the special charge requested. It is asserted that "in actions of trespass to try title rents or damages are recoverable only as an incident to the right to recover possession." That proposition may be correct when applied to cases where the right of possession rests upon and is to be determined by the ownership of the title. But where the landlord resorts to this form of action for ousting a tenant, and at the same time seeks the recovery for rents due, and

the latter relies for defense upon a lease contract in which he covenants to pay rents, the applicability of the rule might well be questioned.

[4] While the pleadings in this case put both the title and the right of possession in issue, the proof showed that the appellant was only a tenant, and that his right of possession depended upon a lease contract in which he had agreed to pay a monthly rent in advance. Under these facts, a finding that his term had not expired, while protecting his right of possession, would not absolve him from his liability for rents.

[5] Another reason which justified the refusal of this charge is that it ignored the issue of title.

[6] The pleadings of both parties having put the plaintiff's title in issue, a general verdict for the defendant would have resulted in judgment in favor of the appellant for both the title and the possession of the premises. Such a judgment would have been res adjudicata in a subsequent suit between these same parties. Freeman v. McAninch, 87 Tex. 138, 27 S. W. 97, 47 Am. St. Rep. 79. A verdict leading to such consequences would have been unwarranted by the evidence.

The motion is overruled.