## 4284.  DUKES *v.* GORE & CO.

The allegations of the petition set out a cause of action to recover damages for breach of contract, and there was no error in overruling the demurrer.

DECIDED OCTOBER 22, 1912.

Action on contract; from city court of Valdosta—Judge Cranford.  June 15, 1912.

*Denmark & Griffin,* for plaintiff in error, cited:   Civil Code (1910), § 4230; 81 *Ga.* 704; 95 *Ga.* 518; 97 *Ga.* 470, 471; 5 *Ga. App.* 130; 1 Page on Contracts, §§ 45, 46; Clark on Contracts, 36; Civil Code (1910), § 4; Rapalje's Law Dict., "Night;" 21 A. & E. Enc. L. (2d ed.) 540; Words and Phrases, vol. 1, p. 930.

*Whitaker & Dukes,* contra, cited:  Clark on Contracts (2d ed.), 402; 81 *Ga.* 756; 107 *Ga.* 697; 38 *Ga.* 462; 7 *Ga. App.* 340; 69 Ind. 353; 107 Ill. 631; 62 Conn. 410; 45 Cent. Dig. 2995; Words and Phrases, vol. 1, p. 930; Standard Dict., "By."

HILL, C. J.   This was a suit by D. L. Gore & Company against
A. H. Dukes, to recover damages for breach of contract.   The only
question raised by the record is as to whether or not a completed
contract was made between the parties, and this depends upon
the construction of the correspondence on that subject.   The cor-
respondence was carried on by telegraphic communications, and
the material portions thereof are as follows:   Dukes, from Val-
dosta, Georgia, February 7, telegraphed D. L. Gore & Company,
Wilmington, N. C.:   "If can get peanuts out by Friday, ship.
Answer.   [Signed] A. H. Dukes."   On the same day, D. L. Gore
& Company replied as follows:   "Mr. A. H. Dukes, Valdosta, Ga.
Order confirmed.   Will ship by Friday night of this week.   D. L.
Gore & Co."   Dukes made no reply to this telegram, or this letter,
until February 9, which was the Friday referred to, when he tel-
egraphed as follows:   "Cancel order for car of peanuts.   Can not
use them."   The defendant insisted that no contract was finally
consummated before the cancellation of the order, and consequently
there could be no breach, and on this ground filed a demurrer to
the petition.   The demurrer was overruled, and this judgment is
here for review.

It is agreed that an acceptance of an offer, to be binding, must
be absolute, complete, and unequivocal, and identical with the
terms of the offer.   The order of Dukes for the peanuts was based
upon the condition that they could be shipped out by Friday, and,
in accepting this order, Gore & Company replied that the order for
the peanuts was confirmed, and that they would "ship by Friday
night."   The question arises on the construction of the words,
"will ship by Friday night."   The word "by" has many significa-
tions, according to the context.   When used to designate a terminal
point of time, it is defined by the Century, the Standard, and
Webster's Dictionaries as meaning "not later than."   See, also,
Words and Phrases Judicially Defined, vol. 1, 930.   Giving this
construction to the word as used in this correspondence, it follows
that Gore & Company had until Friday to ship the peanuts as
ordered by Dukes.   The next question is, what is meant by the
word "Friday?"   What does Friday include?   Does it include a
day of twenty-four hours, from Thursday night at 12 o'clock until
12 o'clock Friday night, or does it simply include that part of
Friday which is popularly known as daytime?   It is well estab-

lished that the law takes no notice of fractions of a day, but computes the day on which an act may be done as twenty-four hours. *Cole* v. *Illinois Sewing Machine Co.,* 7 *Ga. App.* 338; *Rose* v. *State,* 107 *Ga.* 697. A day includes the whole twenty-four hours, commencing at 12 p. m. and expiring at the next 12 p. m. 45 Century Digest, 2995. And see *Henderson* v. *Reynolds,* 84 *Ga.* 162-3. Where a person is required to take action in a given number of days in order to secure a right, the day consists of twenty-four hours; so that if the act be done on the last day limited, if done before midnight, that will be sufficient. 45 Cent. Dig. 2995. We think it well settled that a day in legal parlance includes the whole twenty-four hours. Bearing in mind the meaning of the word "by," and that of the word "day" as herein construed, we think the only reasonable construction of Duke's offer to purchase the peanuts was that he intended to make such offer as could be accepted and complied with by Gore & Company at any time during the twenty-four hours, beginning Thursday night at 12 o'clock and extending to 12 o'clock the Friday night following; in other words, that Gore & Company's telegram to Dukes, announcing that his order was accepted and they would comply with the order by shipping the peanuts by Friday night, constituted a completed contract between the parties, binding equally upon both, from which neither could recede except for legal cause, and that therefore the judgment overruling the demurrer was correct.

*Judgment affirmed.*