SCHEUER & TIEGS, INC., Respondent, vs. BENEDICT, Appellant.

*December 16, 1920—January 11, 1921.*

*Landlord and tenant: Tenancy from month to month: Termination: Notice to quit: When term ends.*

1. Under a tenancy from month to month, a notice to quit must be to terminate the tenancy at the end of the month and not before.

2. Where defendant was a tenant from month to month, whose rent was payable on the first day of each month, plaintiff's notice to quit, served on defendant March 5, 1920, "You are hereby notified and required by April 30, 1920, to quit and deliver up possession" of the premises, was sufficient, as terminating the tenancy at the end of the month and not before, for the word "by" in such notice would be construed, in favor of the validity of the notice, to include April 30th, that is, to include the day or date marking the boundary of time, especially since the verb used with it denoted present or continuing rather· than completed action.

3. The reasonable construction of a term having two meanings is the one which gives validity to the thing sought to be done rather than the one which makes the act nugatory.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

Action begun in the civil court to recover possession of certain premises originally leased to defendant under a written lease expiring April 30, 1919. By an oral arrangement defendant was permitted to hold from month to month after the expiration of the written lease. The rent was payable on the first day of each month. On March 5, 1920, plaintiff served this notice on defendant: "You are hereby notified and required by April 30, 1920, to quit and deliver up possession of the premises now held by you as our tenant, being known as 400 Fifth avenue, Wauwatosa, Wisconsin." Defendant did not vacate on April 30th and this action was begun. The civil court entered a judgment for plaintiff, and defendant appealed to the circuit court, where the judg-

ment of the civil court was affirmed. From such judgment the defendant appealed to this court.

*Oscar Kroesing* of Milwaukee, for the appellant.

*A. W. Foster* of Milwaukee, for the respondent.

VINJE, J. The objections that plaintiff is not the real party in interest and so cannot maintain the action; that the tenancy was not from month to month; and that a slight error in the description of the leased premises invalidated the action, are not well taken. They are not of sufficient importance to merit treatment and we mention them only to show they have not been overlooked.

The serious question is as to the sufficiency of the notice to quit. It requires that possession be delivered by April 30. April 30 was the last day of the tenancy from month to month, and if, as is argued, "*by* April 30" is meant before April 30, then the notice is insufficient, because under a tenancy from month to month the notice must be to terminate the tenancy at the end of the month and not before. *State ex rel. Engle v. Hilgendorf,* 136 Wis. 21, 116 N. W. 848; *Sutherland v. Drolet,* 154 Wis. 619, 143 N. W. 663; *Molter v. Spencer, ante,* p. 38, 180 N. W. 261. The word *by* as marking the completion of the time required or assigned for the performance of an action, according to Murray's Dictionary, means "On or before, not later than, within." Webster's International gives "At or before, not later than." When used with a verb in the perfect tense the word "by" more naturally denotes a completed action at the time boundary marked by it, as "The work must be finished by Friday." On the other hand, "The work must finish by Friday" perhaps more naturally means including Friday. In the notice in question the word "by" is used with the verb "to quit and deliver up," denoting present tense and not completed action. In view of that and of the further fact that it must be presumed a valid notice was intended to be given, we reach the conclusion that "by April 30" in

the notice included April 30. Under our decisions, as before stated, the notice would not be sufficient if construed as defendant's counsel contends; hence, conceding that the term has two meanings, one including the date expressed and the other excluding it, the reasonable construction is the one that gives validity to the thing sought to be done, for no one ought to presume that a nugatory act is intended.

The following cases found in Words and Phrases under the title "By," denoting on or before, have held, in the context considered, that the word "by" excluded the day or date set as a boundary of time: *Express Pub. Co. v. Aldine Press,* 126 Pa. St. 347; 17 Atl. 608; *Rankin v. Woodworth,* 3 Pen. & W. 48; *Wilson v. Rodeman,* 30 S. C. 210, 8 S. E. 855; *Miller v. Phillips,* 31 Pa. 218.

These cases, also found in Words and Phrases, have held that the day or date marking the boundary is included: *Coonley v. Anderson,* 1 Hill (N. Y.) 519; *Wachsmuth v. Routledge,* 36 Oreg. 307, 51 Pac. 443; *Elizabeth City C. Mills v. Dunstan,* 121 N. C. 12, 27 S. E. 1001; *Higley v. Gilmer,* 3 Mont. 433; *Ruprecht v. Delacamp,* 165 Fed. 381; *Weir v. S. & J. T. Clark,* 4 Ala. App. 302, 58 South. 793; *Dukes v. Gore & Co.* 11 Ga. App. 743, 76 S. E. 365; *Goldman v. Broyles* (Tex.) 141 S. W. 283.

*By the Court.*—Judgment affirmed.