### NORMAN et al. v. MOREHOUSE et al.*
### (No. 1994.)

(Court of Civil Appeals of Texas. Amarillo. June 14, 1922. Rehearing Denied Oct. 4, 1922.)

1. Landlord and tenant ⚖⇒118(2)—Lease for as long as lessee is in business held tenancy at will because of uncertainty as to term.

A lease of certain premises to defendants for as long as any of defendants should be engaged in the business of making and repairing harness, shoes, etc., created a tenancy at will because of the uncertainty as to the term of the lease, notwithstanding Rev. St. art. 1106.

2. Trespass to try title ⚖⇒35(1)—Sustaining exceptions to answer in trespass to try title held not error, though defendants pleaded not guilty.

Where defendants in trespass to try title specially pleaded their defenses, they were confined to the matters thus pleaded, and the sustaining of exceptions to the defenses was not error, though defendants pleaded not guilty, especially where the case proceeded to trial, and plaintiffs proved their case.

Appeal from District Court, Cottle County; J. H. Milam, Judge.

Action by Ada E. Morehouse and others against J. H. Norman and another. Judgment for plaintiffs, and defendants appeal. Affirmed.

J. Ross Bell, of Paducah, for appellants.
James M. Whatley, of Paducah, and G. E. Hamilton, of Matador, for appellees.

BOYCE, J. Appellees Morehouse and others brought this suit in trespass to try title and for damages against appellants Norman and Mabrey. The defendants answered by plea of not guilty and by special answer, setting up at length the facts under which they claimed the right to hold said premises. The trial court sustained general and special exceptions to this answer. The defendants declined to amend, plaintiffs introduced their evidence of title, and judgment was rendered for plaintiffs for recovery of the property and for damages. The assignments complain of the sustaining of said exceptions.

[1] It is alleged in the special answer that defendants leased said premises from one Theodore Combest, paying for the lease contract a valuable consideration, set out at length, in addition to agreeing to pay lease thereon at the rate of $25 per month; that the defendants were in the business of making and repairing harness, boots, shoes, etc., and leased said building for occupancy for such purpose. That the lease contract was partly written and partly verbal, and it was agreed thereby that the defendants were "to have a lease on said lot and premises so long as either of the defendants engaged in the business of making and repairing harness, shoes," etc.; that the defendants took possession of said premises, had placed valuable improvements thereon for the purpose of using them in their business, had paid the rentals as they became due, and in all things complied with their obligations under the contract; that the plaintiffs purchased said premises from said Combest with knowledge of defendants' rights therein. We have not set out the writing which defendants allege constituted a part of the agreement. We hardly think this writing sufficient to meet the requirements of the statute, but the disposition we make of another proposition, relied on by appellee to sustain the judgment on the demurrers, is that, even if the contract were in writing, the tenancy must be one at will because of the uncertainty of the term as fixed by the agreement of the parties. Certainty as to the term was at common law a requisite to a valid lease for years. An agreement for a term ending on a contingency was not sufficient. Hill v. Hunter (Tex. Civ. App.) 157 S. W. 247; Lea v. Hernandez, 10 Tex. 137; Idalia Realty Co. v. Norman, 232 Mo. 663, 135 S. W. 47, notes 34 L. R. A. (N. S.) 1069; 16 R. C. L. 606, 607.

"The principle that a lease must as to its duration be certain or refer to a certainty is thus tersely stated by the learned English jurist in the Bishop of Bath's Case: 'When a lease for years shall be made good by reference, the reference ought to be a thing which has expressed certainty at the time of the lease made, and not a possible or casual certainty.'" Hill v. Hunter (Tex. Civ. App.) 157 S. W. 252.

This principle was expressly made the basis of the decision in the case of Hill v. Hunter, and, while the question was not discussed, evidently furnished the reason for the holding in the case of Lea v. Hernandez, supra. The reference here was to an event which had no certainty at the time of the contract, and under the authorities the defendant's tenancy of the premises would be terminable at the will of the lessor. Under the common-law decisions a conveyance without words of inheritance, or other limitation, accompanied by livery of seizin, created an

---

estate for life in the grantee, and "in case of uncertain leases made until such a thing be done, or so long as such a thing shall continue, if livery of seizin were made upon them, they might have been good leases for life, determinable upon these contingencies, although not good leases for years." Reed v. Lewis, 74 Ind. 437; note 34, L. R. A. (N. S.) pp. 1072–1076; Tiffany on Landlord & Tenant, vol. 1, p. 102. In the Indiana case referred to it was further said that under the laws of Indiana it would seem in such a case that "an estate in fee was created, determinable upon the happening of the contingency." In this state livery of seizin is not necessary, and any presumption would be in favor of a grant of an estate in fee simple. R. S. art. 1106. The Texas decisions referred to ignore the possibility of the creation of such an estate by presumption from a lease providing for an uncertain term. There was no actual intention to convey any estate in the land in this instance and under our decisions we do not think we would be justified in applying to this failure of the parties to execute a valid lease an artificial presumption of intention to convey an estate in fee simple, subject to termination on contingency.

[2] It is contended that it was error to sustain exceptions to the answer because the defendant had pleaded not guilty. The defendants having specially pleaded, their defense was confined to the matters thus pleaded. Railway Co. v. Whitaker, 68 Tex. 630, 5 S. W. 449; Evants v. Erdman (Tex. Civ. App.) 153 S. W. 929. The exceptions tested the sufficiency of these facts to constitute a defense, and there was no error in sustaining them, especially in view of the fact that the case then proceeded to trial and the plaintiffs proved up their title.

We think the judgment should be affirmed.