WILLIS v. THOMAS.   (No. 8000.)

Court of Civil Appeals of Texas.   San Antonio.
May 23, 1928.

Rehearing Denied Oct. 3, 1928.

Boone & Savage and Felix A. Raymer, all of Corpus Christi, for appellant.

E. B. Ward and S. Eldon Dyer, both of Corpus Christi, for appellee.

SMITH, J. R. M. Willis and T. V. Cobb operated the Star Drug Store in Corpus Christi in a building rented by them from Guggenheim & Cohn, the owners. Dr. J. R. Thomas was a practicing physician in Corpus Christi, but being impressed by a current real estate boom undertook to engage in the real estate brokerage business through a partnership he formed with one J. J. Prine. This partnership rented desk space in the Star Drug Store, from Willis and Cobb, under a lease which "shall begin not later than May 1, 1926, and shall terminate not later than December 31, 1927," a period of 20 months. The lessees agreed to pay rental in the lump sum of $1,500, payable monthly in advance at the rate of $75 per month. The lease contract contained these stipulations, among others usual to such agreements:

"Said party of the second part (lessees) hereby agrees, binds and obligates themselves jointly and individually to pay unto party of the first part at their place of business, Corpus Christi, Tex., as rental for said space for said entire twenty (20) months the sum of fifteen hundred ($1,500.00) dollars payable as follows: Twenty (20) equal installments of seventy-five ($75.00) dollars each to be paid on the first day of each month for twenty (20) months, and if default be made in the payment of monthly installments as they accrue for a period of fifteen (15) days all of said installments not then due shall at the option of the parties of the first part and without notice to the parties of the second part become due and payable and the parties of the first part shall thereupon have the right to re-enter into and upon said lease space and eject therefrom parties of the second part and take possession of said space without prejudice, however, to the right of parties of the first part to collect rental as aforesaid and as herein agreed, on said premises for the unexpired portion of said entire term of twenty (20) months. * * *

"The parties of the first part (lessor) reserve the right to cancel this lease at any time they sell the Star Drug Store or, and the lease they have with Guggenheim & Cohn, and parties of the second part agree to the cancellation of this, their lease, in this case and agrees to vacate said space upon the payment to them of one hundred and fifty ($150.00) dollars by parties of the first part within fifteen (15) days after being notified of cancellation."

Dr. Thomas's partner, Prine, upon whom it seems Dr. Thomas depended to actively operate the new business, appears to have given up the project and left town at the end of the first two weeks, and the venture was suspended thenceforward. Dr. Thomas paid the first month's rent of $75, but made no further effort to operate the business or hold the rented space. On September 10, 1927, 3 months and 21 days before the expiration of the 20-month term fixed in the sublease to Dr. Thomas and his associate, Willis & Cobb surrendered their lease to the owners of the building. This was one of the contingencies under which it was stipulated that the sublease should terminate.

After the lapse of a year, which was eight months before the end of the lease period, Willis, as the successor to Willis & Cobb, the landlord, brought this action against Dr. Thomas alone, seeking to recover of him the sum of $1,500, being the full amount of the agreed rental stipulated in the 20-month sublease. The trial court directed a verdict in favor of Thomas, denying any recovery to Willis, who has appealed.

The case seems to have gone off, primarily, upon the theory that the lease contract in question created a strict tenancy at will, terminable by the landlord at any time he might so elect, and therefore likewise terminable at the will of the tenant.

It is contended, by appellee, that although the term of the lease is definitely fixed in the contract to be for a period of 20 months, the certainty of the term so fixed is destroyed by the provision that the lease may be canceled by the landlord in the contingency that he sell his drug business and/or the lease under which he has sublet a part of his leased premises to appellee. It is contended that this proviso put it in the power of the landlord to terminate the lease at any time he pleased, by the device of selling his drug store or his lease, thus bringing the contract within the class which, being expressly terminable at the will of one of the parties, is impliedly terminable at the will of the other. It is remarkable that neither of the parties cites any case directly in point upon the facts, nor have we found any after a somewhat thorough search therefor.

■■ To create an estate for years, or for any definite term, the lease must be certain, or capable of being made certain, as to the beginning, duration, and termination of the term. A lease in general terms to run until the premises are sold, or similar conditions, is a tenancy at will only, constituting the lessee a tenant at the will of the lessor (Lea v. Hernandez, 10 Tex. 137), and such a lease is terminable at any time by either party, upon reasonable notice to the other. Taylor's Land-

lord and Tenant (9th Ed.) § 111; 16 R. C. L. 611; Hudson v. Wheeler, 34 Tex. 356; Robb v. St. Ry. Co., 82 Tex. 392, 18 S. W. 707; Emerson v. Emerson (Tex. Civ. App.) 35 S. W. 425; Buford v. Wasson, 49 Tex. Civ. App. 454, 109 S. W. 275, and cases cited in note to 34 L. R. A. (N. S.) 1069 et seq.

But an estate may be created by a demise for a definite period, subject to an earlier termination contingent upon the happening of a collateral event, such as the sale of the premises, or like conditions. Taylor, § 76; 35 C. J. pp. 971, 1047; 16 R. C. L. p. 1108 et seq.

Such appears to be the character of the lease in controversy. It was for a definite period, fixed with certainty at 20 months. It is true it was terminable within a shorter period by the happening of the contingency of the sale of the landlord's drug business, and this contingency being within the control of appellant, it may be said, broadly, that the termination of the lease at any time lay within the power and pleasure of the landlord. But the latter could not exercise that power capriciously or by simulated transactions; the sale of the drug business must be negotiated and fully consummated in good faith in order to constitute the requisite contingency. This provision in the contract amounted to an option given the landlord to terminate the lease on the happening of that contingency, upon the payment of a bonus to the tenant as consideration for that option. It is a form of contract recognizable and enforceable under the law, and very generally resorted to in the business world. 16 R. C. L. p. 1108, § 625 et seq. And the tenant cannot impair the landlord's right to collect the rent for the full term by abandonment of possession before the expiration of the term for which he has agreed to pay rent. 16 R. C. L. p. 969, § 481 et seq.; Goldman v. Broyles (Tex. Civ. App.) 141 S. W. 283. And in case of such abandonment the landlord may stand upon his contract, suffer the premises to remain vacant, and recover of the tenant the full rent agreed to be paid. Penick v. Eddleman (Tex. Civ. App.) 283 S. W. 300; 36 C. J. pp. 363, 402, §§ 1211, 1318; Hart v. Wynne (Tex. Civ. App.) 40 S. W. 848; Jones v. De Moss, 151 Iowa, 112, 130 N. W. 914.

We conclude, from the holdings of the authorities cited, that the contract was enforceable as against both parties for the period of 20 months, subject to earlier termination by the landlord under his option. By breaching the contract and abandoning the premises, and by refusing to make the payments as they accrued, appellant provoked the action of appellee in exercising his option to declare the rent due for the whole term as provided in the contract. But as the tenant should be favored in this character of contract, we think appellee should be credited with every amount he could have earned in the course the lease actually took. He would therefore be entitled to a credit of $75, actually paid by him, of $277.50 to cover the 3 months and 21 days deducted from the 20 months' term by reason of appellant's surrender of the original lease, and of $150 to which appellee would have been entitled as a bonus to be paid him by appellant in event of a cancellation of the lease prior to its normal expiration. These credits aggregate $502.50, leaving a balance of $997.50 due upon the contract amount.

The case appears to have been fully developed, leaving no alternative to this court but to reverse the judgment appealed from and here render judgment in favor of appellant against appellee for the sum of $997.50, with legal interest thereon from this date, together with all costs. It is so ordered.