### NORTON et al. v. WHITE. (No. 8184.)

Court of Civil Appeals of Texas. San Antonio.
April 3, 1929.

Rehearing Denied May 1, 1929.

Walter F. Brown, of Houston, for plaintiffs in error.

Thompson & McWhorter, of Weslaco, for defendant in error.

COBBS, J. L. E. Norton, plaintiff in error, owned a tract of land in Harris county, with a lien thereon of $3,000. E. E. White owned a tract of land in Hidalgo county. The parties agreed to exchange lands. Norton conveyed the Harris county land to White, subject to the incumbrance, and White, at Norton's request, conveyed the Hidalgo county land to one Gillette, who executed a vendor's lien note for $3,000, maturing November 15, 1926. Gillette conveyed the Hidalgo county land to Norton, who took subject to the vendor's lien held by White.

There was an agreement entered into between the parties, that, if Norton would get the Order of Hermann Sons to extend the time of payment on the note against the Harris county land for a period of five years, White would extend the note and lien on the Hidalgo county land for the same period.

The real controversy in this case is as to whether Norton had secured from the Order of Hermann Sons an agreement to extend their note for the period of five years.

On October 17, 1927, White paid off the indebtedness against the Harris county land, and it was his contention that Norton did not secure an agreement on the part of the Order of Hermann Sons to make the 5-year extension and therefore Norton was not entitled to any extension on the White note. Norton contended he had secured the extension, and that it was White's own fault if he did not avail himself of such extension, and that he was entitled to the extension on the White note and lien whether White accepted the extension or not. When White paid off the note held by the Order of Hermann Sons against the Harris county land, he refused to recognize his agreement for the extension on the note held by him against the Hidalgo county land, and employed attorneys to file this suit in trespass to try title to recover the Hidalgo county land from Norton and one Loomis, trustee in the deed of trust securing the payment of the White note.

Norton answered by setting up the fact that he had paid a large part of the purchase price of the land and that the balance was not due because of the extension agreement which he was then ready and willing to carry out; and, if the court should hold he was not entitled to the extension, he was ready and willing to pay the balance of the purchase price and do equity in the case.

This case was tried on the 30th day of May,

1928, and the court took it under advisement and rendered a judgment about noon of the last day of the term, which was the 21st day of July 1928.

The attorneys for defendants, who resided in Houston, had no notice of the action of the court until two or three days after adjournment of court, when they filed their motion for a new trial and to set aside the judgment of the court.

The note upon which this suit is based is for $3,000, dated April 7, 1926, and payable November 15, 1926, with 7 per cent. interest per annum from date until paid, interest payable at maturity. It further provides for 10 per cent. attorney's fees, for the payment of all taxes on the 35 acres of land in Hidalgo county, by which it is secured, and also provides for maturing the note in case of failure to comply with its stipulations. Under the terms of the note, Norton was obligated to pay one year's interest on November 15, 1927.

 It is not shown that the note was presented in Houston, or that any request was ever made to Norton for payment of interest on the note. The evidence indicated that E. E. White had repudiated the extension agreement and was demanding immediate payment of the entire note, and had employed attorneys to enforce its collection and to sue for a rescission of the sale prior to November 15, 1927. An offer, therefore, to pay the interest, would have been useless. Urbish v. Rutledge (Tex. Civ. App.) 299 S. W. 921.

No extension of the note on the Hidalgo county land was ever in fact made; at most, it was tentative. The extension was not made on the note against the Harris county land, and the note was properly paid on the demand of the Hermann Sons. The proposed extension was never actually made. It will be observed that no consideration was ever made or tendered for the proposed extension.

The court found that no extension was in fact made of the note on the Harris county land, and that it was paid on demand of the Hermann Sons. The court also found that default was made in the payment of interest on the Hidalgo county land note, and in the payment of taxes on the land.

The proof shows that no extension of the Norton note was ever procured. If the extension by the Hermann Sons to Norton was not enforceable by White, then he got nothing. It was necessary that Norton secure a valid extension of his note with Hermann Sons, such an extension as would have prevented them from requiring a payment for five years. Where is the promise of Norton to pay said note at the end of five years, with 7 per cent. interest and that he would not pay same before? And where is the executed promise on the part of the Hermann Sons

that they would not require payment of their note before five years? When the Hermann Sons made demand for the payment of said note, there was no defense available to White against its payment, for there had been no actual binding extension executed by the holder. No one else could have made such an extension agreement but the holder thereof. The agreement that was made did not purport to be in fact an extension. It contemplated doing something else before it became an extension, and that was never done. The title was to be examined and a supplemental abstract furnished and examined. Expenses of the extension were to be paid by Norton. It was Norton's duty to procure an actual extension. He did not procure it.

The court held that there had been no extension of the note. Interest at the rate of 7 per cent. should be calculated from November 15, 1926, date of filing suit, to December 16, 1927; and at the rate of 10 per cent. thereafter until the date of the judgment, July 21, 1928. This amounts to $407.50. This amount added to the principal of the note makes a total of $3,407.50. The attorney's fees thereon at 10 per cent. amount to $340.75. Attorney for defendant in error offers to adjust this interest item by remittitur or any method suitable.

There is ample authority in our Revised Statutes 1925, arts. 2228, 2229, for the trial judge to correct his judgment when found erroneous. Pring v. Pratt (Tex. Civ. App.) 1 S.W.(2d) 441.

A careful investigation of this record has convinced us that there is no merit in the contention of the plaintiffs in error and the propositions of law presented, which are overruled. The judgment is affirmed and corrected so as to read for the amount expressed in the note, to wit, $3,407.50, together with attorney's fees.

Reformed and affirmed.