## SOUTHWEST INVESTMENT CO. v. TERRY.

### No. 7655.

Court of Civil Appeals of Texas. Austin.

Oct. 7, 1931.

Rehearing Denied Nov. 4, 1931.

Jerome Sneed, Jr., and Gabriel A. Martins, both of Austin, for appellant.

E. A. Wallace, of Cameron, for appellee.

McCLENDON, C. J.

Suit by appellant against appellee upon a paving certificate, and to foreclose a paving lien upon real estate in the city of Cameron. The trial court sustained a plea to the jurisdiction, based upon allegations that the property was homestead, and no lien therefore existed, and that the amount involved was below the jurisdiction of the district court. The plea was sustained, the suit dismissed, and plaintiff has appealed.

Appellant's contentions may be stated as follows: (1) The plea was waived because urged for the first time in an amended answer filed after issue joined on the merits; (2) the plea was bad in that it did not allege that plaintiff's allegations setting up a lien on real estate were fraudulently made for the purpose of conferring jurisdiction.

The first proposition we hold well taken.

■ The suit, which was upon a paving certificate for $189.72, reasonable attorney's fees alleged at $100, and to foreclose a paving lien, was filed October 14, 1930. Defendant answered November 11, 1930, by general demurrer, general denial, and special plea in bar asserting the homestead character of the property. By supplemental petition filed January 5, 1931, plaintiff joined issue upon this answer; and on the same day filed a first-amended original petition in which the attorney's fees were alleged at $500. Defendant's first-amended original answer, filed April 30, 1931, contains the plea to the jurisdiction. Plaintiff replied to this plea, urging, among other things, that it came too late because asserted for the first time after issue joined on the merits.

Hoffman v. Building & Loan Association, 85 Tex. 409, 22 S. W. 154, 155, is directly in point, and we sustain the first proposition above on the authority of that case.

■ The Supreme Court (Associate Justice Henry writing) qualified its holding in this language: "We do not wish to be understood as deciding that cases may not arise in which it will be within the discretion of the court to permit the defendant to withdraw all of his pleadings, and plead anew, for the purpose of presenting a plea in abatement."

The case was not sought to be brought within this exception. No showing was made why the plea was not seasonably filed, and no request or order made withdrawing the former answer to the merits.

■ Defendant contends that, upon the showing that the property was homestead, the trial court lost jurisdiction of the entire case, citing Higgins v. Bordages, 88 Tex. 458, 31 S. W. 52, 803, 53 Am. St. Rep. 770, and Barnett v. Paving Co. (Tex. Com. App.) 234 S. W. 1081. As pointed out in Gehret v. Hetkes (Tex. Com. App.) 36 S.W.(2d) 700, it affirmatively appeared on the face of plaintiff's pleadings in each of those cases that the property was homestead. In such case, manifestly the court could acquire no jurisdiction to foreclose the alleged lien, shown to be void by plaintiff's own pleadings; and, where the alleged amount in controversy was below the jurisdiction of the court, any judgment based upon such pleading would necessarily be void.

The case here is ruled by Ablowich v. Bank, 95 Tex. 429, 67 S. W. 79, 881. There is no distinction, as regards jurisdiction, between a contract and a statutory lien. One has as much right to litigate the latter as the former, and jurisdiction of the personal action is not lost by a showing or an adjudication that the lien did not in fact exist. Massie v. Ft. Worth (Tex. Civ. App.) 262 S. W. 837, is directly in point. In either case, the court's jurisdiction is determined by the allegations of plaintiff's petition, unless seasonably attacked for fraud.

This holding renders immaterial appellant's second proposition, above. We may say, however, that we are inclined to hold that the allegations of the plea were tantamount to an assertion of fraud on the jurisdiction in the assertion of the lien. The plea expressly alleged fraud in the allegation which placed the attorney's fee at $500. The plea also alleged specifically that the property was homestead, that defendant and his family were living upon it at, prior, and subsequent to the time when the lien could attach, and that these facts were well known to defendant and the city.

In this connection, we quote further from the Hoffman Case, above: "Such fraud exists when the jurisdictional averments are not only untrue, but are made by the pleader for the purpose of deceiving, and without being believed to be true."

The plea, we think, alleged facts which embraced all the essential elements of fraud.

The trial court's judgment is reversed, and the cause remanded for trial on the merits.